## Richmond.

### HAMLET V. E. I. DUPONT DE NEMOURS AND COMPANY.

January 20, 1921.

1. MASTER AND SERVANT.—*Declaration—Assumption of Risk—Open and Obvious Danger.*—In an action by a servant for personal injuries due to a defective scaffold, the declaration alleged that the unsafe and dangerous condition of the place of work "was unknown to the plaintiff and by the exercise of reasonable care could not have been known to him in time to have avoided the injury."

   *Held:* That on demurrer to the declaration the court could not say that this allegation was without foundation in fact, and that, as a matter of law, the danger was open and obvious to the plaintiff.

2. MASTER AND SERVANT.—*Declaration.*—In an action by a servant for personal injuries due to a defective scaffold, where the declaration, in substance, alleged that the defect in the scaffold was in its plan of construction, such allegation negatives the position that plaintiff was injured as a result of a changed and abnormal condition which arose during the progress of the work, the danger of which was readily discernible to plaintiff.

3. MASTER AND SERVANT.—*Declaration—Unavoidable Accident.*—In an action by a servant for personal injuries due to a defective scaffold, the allegations of the declaration that defendant negligently failed to use reasonable care to provide and maintain a reasonably safe place in which the plaintiff was directed to work, that the scaffold which was the cause of the injury was too narrow and without any railing, and that defendant negligently failed to use reasonable care in the construction of the scaffold, negatived upon demurrer the position taken by defendant that the injury to the plaintiff was the result of an unavoidable accident.

4. MASTER AND SERVANT.—*Declaration — Proximate Cause.* — Upon demurrer to a declaration in an action by a servant for personal injuries, defendant's position was that the breach of duty alleged in the declaration was not the proximate cause

of plaintiff's injury because the defendant could not have fore-seen "in the light of attending circumstances" that the negli-gence charged "might naturally and probably produce the in-jury."

*Held:* That the "attending circumstances," as alleged in the declaration, negatived this position of defendant.

5.  MASTER AND SERVANT.—*Proximate and Remote Cause—Interven-ing Cause.*—In an action by a servant for personal injuries sustained when two of his fellow servants fell from a scaffold losing their hold of an iron band which struck the plaintiff, defendant urged that the plaintiff's injury was due to an inde-pendent intervening cause, to-wit, the action of the fellow ser-vants in falling and losing their hold on the iron band.

*Held:* Whether such was an independent intervening cause would depend on whether there was culpable negligence on the part of the defendant in the construction of the scaffold, which, it was alleged, was the cause of the men falling, and upon de-murrer it could not be said that the allegations of the declara-tion presented a case in which it appeared that defendant was free from such negligence.

Error to a judgment of the Circuit Court of Prince George County in an action of trespass on the case. Judg-ment for defendant. Plaintiff assigns error.

*Reversed and remanded.*

The declaration involved in this case is the last amended declaration filed therein, which is as follows:

"Walter H. Hamlet complains of E. I. DuPont de Ne-mours and Company, a corporation, of a plea of trespass on the case, for this, to-wit: That heretofore, to-wit: on the 24th day of March, 1916, the plaintiff was employed by the defendant as a foreman to do certain concrete work in and about one of its buildings in the county of Prince George, and it was the duty of the defendant to have used reasonable care in providing a reasonably safe place for the plaintiff to perform his work in and to use like reas-onable care to keep the same in a reasonably safe condition while the plaintiff was so employed.

"But the plaintiff says that the defendant negligently failed to use reasonable care to provide and maintain a reasonably safe place in which the plaintiff was directed to work and perform his said labor, in that the defendant had placed and directed the plaintiff to work about, under or near a certain large wooden tank which the defendant was having built, around which tank it had constructed a scaffold for its employees to walk on and stand upon and pass each other while constructing said tank, and while the defendant's employees were at work placing an iron hoop or band around said tank in order to hold and bind the staves firmly together, two of the employees so engaged fell from said scaffold because the said scaffold was too narrow and was without any railing around the same; and the defendant negligently failed as aforesaid to use reasonable care in the construction of said scaffold and knew, or by the use of reasonable care, could have known that the same had been negligently constructed and was a menace and danger to the plaintiff and made the place where he was at work unsafe and dangerous, all of which was unknown to the plaintiff and by the use of reasonable care could not have been known to him in time to have avoided the injury, and the said men, in falling, lost their hold and control of the iron band or hoop aforesaid, and it fell from the said scaffold and struck in and against the head of the plaintiff, and cut, bruised, lacerated and injured his head, so that he became sick, sore and disabled, for a long time, to-wit: six months and was forced to attend a hospital for treatment for a long time, to-wit: six months, at great costs and expense, to-wit: five hundred dollars, and suffered great pain and anguish, and has been permanently injured in and about his head as aforesaid; and by reason whereof, the plaintiff has sustained great damages to the amount of $2,500.00.

"And therefore he brings his *suite*."

The defendant demurred to the declaration on the following grounds: ·

"First.   That it appears from the declaration that the plaintiff assumed the risk of his employment.

"Second. That it appears from the declaration that the injury complained of was the result of an unavoidable accident in the course of the prosecution of the work about which the plaintiff and his fellow servants were employed, and one which could not have been foreseen or provided against by the exercise of any reasonable degree of care.

"Third.   That it appears from the declaration that the injury was due to the negligence of the fellow servants of plaintiff who were working above him on the platform.

"Fourth.   That it does not appear that the breach of the duty alleged was the proximate cause of the plaintiff's injury."

The trial court sustained the demurrer and dismissed the case and the plaintiff brings error.

*Thos. H. Howerton* and *Smith & Smith,* for the plaintiff in error.     ·

*Plummer & Bohannan,* for the defendant in error.

· SIMS, J., after making the foregoing statement delivered the following opinion of the court:

The parties will be referred to as plaintiff and defendant in accordance with their positions in the court below.

There is no difference between counsel for the respective parties in regard to the law of the case.   The difference between them consists indeed chiefly in their view as to what facts are alleged in the declaration.

The case was submitted without oral argument and the positions taken before us in the brief for the defendant will be disposed of in their order as stated below:

[1]  1. One position taken by the defendant is that it appears from the allegations of the declaration that the narrowness of the scaffold and its lack of a railing, rendering the place of work unsafe and dangerous, was apparent to the plaintiff and hence constituted an open and obvious danger, and that the doctrine of assumption of risks applies in bar of the plaintiff's right to recovery.

But the declaration alleges that the unsafe and dangerous condition of the place of work "was unknown to the plaintiff and by the exercise of reasonable care could not have been known to him in time to have avoided the injury." There may have been circumstances attending the particular character of the tank-work, and the consequent danger to the plaintiff in his place of work nearby, which were actually or constructively known to the defendant but were neither actually nor constructively known to the plaintiff, and which may have prevented the danger in question from being open and obvious to the latter. At any rate the declaration so alleges. Hence, upon demurrer to the declaration the court cannot say that the allegation that the unsafe and dangerous condition was neither actually nor constructively known to the plaintiff is without foundation in fact. And so the court, cannot say, as a matter of law, that the danger was open and obvious to the plaintiff.

[2]  2. Another position of the defendant is that the plaintiff was injured as a result of a changed and abnormal condition which arose during the progress of the work of constructing the tank, the danger of which was readily discernible to the plaintiff in the exercise of ordinary care.

The declaration, in substance, alleges that the defect in the scaffold was in its plan of construction and that—as designed and built in accordance with such design—it was unreasonably inadequate to serve the purpose for which it was constructed. The declaration, therefore, negatives

the correctness of the position of the defendant just mentioned.

[3]   3. Another position taken by the defendant is that the injury to the plaintiff was the result of an unavoidable accident which could not have been reasonably foreseen or guarded against by the defendant.

The allegations of the declaration plainly negative this assumption.

[4]   4. Another position of the defendant is that the breach of duty alleged was not the proximate cause of the plaintiff's injury because the defendant as a person of ordinary prudence "could (not) have foreseen in the light of attending circumstances" that the negligence charged in the declaration "might naturally and probably produce the injury."

But the "attending circumstances" as alleged in the declaration negative this position also.   It may or may not develop that the attending circumstances, as they may be shown on the trial, if one be had, may sustain such position. That, however, cannot be said of such circumstances as they are alleged in the declaration.

[5] 5. The remaining position of the defendant is that the plaintiff's injury was due to an independent intervening cause, to-wit: the action of fellow servants of the plaintiff in falling and losing their hold and control of the iron band which struck the plaintiff.

But whether such was an independent intervening cause, would of course depend on whether there was culpable negligence on the part of the defendant in the matter of the alleged inadequacy of the design or plans in accordance with which it constructed the scaffold, which, it is alleged, was a contributing cause of the falling of the men and of their loss of control of the iron band, etc.   If there was such negligence, it arose from the fact that the defendant, under the circumstances, ought reasonably to have foreseen

or anticipated that such falling and losing of hold and control of the iron band, etc., was likely to occur as the probable or natural result of such inadequate construction of the scaffold, and that is a question of fact to be decided on the trial of the case in the light of all the attending circumstances. We cannot say on demurrer that the allegations of the declaration present a case in which it appears that the defendant was free from such negligence.

The case will be reversed and remanded for trial upon the last amended declaration filed therein.

*Reversed and remanded.*